

DOC # 1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDGE DANIELS

MOMDOAH S. DOUBAN, SANAA DOUBAN, KAREEM DOUBAN, ISLAM DOUBAN, SARA DOUBAN and MOSTAFA DOUBAN,

**12 CIV 4348**

                        Plaintiff(s),

- against -

THE CITY OF NEW YORK, DISTRICT ATTORNEY OF NEW YORK COUNTY and POLICE OFFICER, EDWARD GRONOWSKI, MANHATTAN TRAFFIC TASK FORCE,
                       Defendant(s).
------------------------------------------------------------X

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED

## COUNT ONE

1.    Plaintiffs, MOMDOAH S. DOUBAN, SANAA DOUBAN, KAREEM DOUBAN, ISLAM DOUBAN, SARA DOUBAN and MOSTAFA DOUBAN, complains of the defendants, THE CITY OF NEW YORK, DISTRICT ATTORNEY OF NEW YORK COUNTY, POLICE OFFICER, EDWARD GRONOWSKI and MANHATTAN TRAFFIC TASK FORCE, that they violated certain civil rights guaranteed to the plaintiffs through the false arrest, malicious prosecution, excessive force, assault, the intentional infliction of mental distress, the assault and battery forced upon the plaintiff, Momdoah S. Douban by The City of New York, the District Attorney of New York County, Police Officer Edward Gronowski of the Manhattan Traffic Task Force and other unnamed Police Officers of the Police Department of the City of New York, all done without probable cause and all in violation of the plaintiff, Momdoah S. Douban's Civil Rights, pursuant to 42 U.S.C. Sec. 1983. Also alleged here are loss of consortium claims by the plaintiff, Momdoah S. Douban, his wife SANAA Douban and his four children, Kareem Douban, Islam

Douban, Sara Douban and MOSTAFA Douban. The tort of the intentional infliction of mental distress, and the tort of malicious prosecution are also stated.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sec. 1983. This court's jurisdiction is invoked pursuant to this statutory section.

3. The Court's pendent jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1367.

## PARTIES

4. The plaintiff, Momdoah Douban was at all times relevant a citizen of the United States and a resident of Bayonne, New Jersey.

5. That Sanaa Douban, was at all times relevant a citizen of the United States and a resident of Bayonne, New Jersey.

6. That Kareem Douban, was at all times relevant a citizen of the United States and a resident of Bayonne, New Jersey.

7. That Islam Douban, was at all times relevant a citizen of the United States and a resident of Bayonne, New Jersey.

8. That Sara Douban, was at all times relevant a citizen of the United States and a resident of Bayonne, New Jersey.

9. That Mostafa Douban, was at all times relevant a citizen of the United States and a resident of Bayonne, New Jersey.

10. The City of New York was at all times relevant a municipal corporation with its immediate headquarters in New York County, New York.

11. The District Attorney of New York County at all times relevant had its headquarters in New York County, New York.

12. Police Officer, Edward Gronowski was, at all times relevant, a Police Officer employed by the New York City Police Department in New York County of the Manhattan Traffic Task Force.

## FACTS AND BACKGROUND

13. The plaintiffs have at all times relevant to this case resided in the State of New Jersey, City of Bayonne at 76 West 33rd Street. At the present time, the plaintiff, Momdoah Douban with a partner, operates a restaurant called Kebab Fusion, located at 27 South Street, in Morristown, New Jersey. Prior to this position, Mr. Douban was a food vendor in Manhattan and came to this country from Egypt in 1980. Mr. Douban became a United States Citizen in 1992 and resides in Bayonne with his wife, Sanaa and his four children listed above.

14. The facts with respect to this incident and arrest, which occurred on June 5, 2009, at about 5:00 p.m., that evening at 480 Canal Street in New York City were as follows. Mr. Douban, the plaintiff herein, was driving a van proceeding home on Canal Street and was immediately before the entrance to the Holland Tunnel. At that time, Mr. Douban operated a vending stand for which he had a license and sold Mediterranean food with his wife, who also had a license. At the time Mr. Douban was driving the van, his wife was in the passenger seat.

15. While proceeding to a three lane merger, immediately before the Holland Tunnel, Mr. Douban was cut off by another car. The person in the other car got out of the car, started to curse, and spit at Mr. Douban, and grabbed the outside mirror of the car he was in, and removed the glass and threw the mirror at Mr. Douban, who was in the driver's seat. That same person cursed at Mr. Douban and grab and reached to his shirt. Mr. Douban's wife screamed and Mr. Douban went outside and opened the driver's door and stepped outside. At that time, the person in the other car, began to hit and pull Mr. Douban with a hard object, a gun. Mr. Douban fell down and the other

person sat on top of his chest and punched him to the right and left for a period of time. Mr. Douban was unconscious for a few minutes.

16. What transpired next was that a number of police cars, vans, and police on foot, arrived and removed the person who was assaulting Mr. Douban and then handcuffed Mr. Douban. Mr. Douban was next brought to the First Precinct and was released the next day in Court. At the time of the incident, when Mr. Douban was falsely arrested, he was bleeding, his shirt was ripped off, he could not walk properly, was in pain, and could barely stand.

17. Three years later, after 12 Court appearances, this case was dismissed by the District Attorney of New York County. Mr. Douban was held 5 to 6 hours held at the First Precinct and was later taken to Beth Israel Hospital by the Police, where little was done to treat him for what turned out to be serious injuries. Mr. Douban was in great pain and could not stand. No traffic ticket was given to him.

18. Because Mr. Douban was arrested and had to appear in Court, he totally lost his vending business. When Mr. Douban applied to be a limousine driver, he was denied that opportunity by TLC because of his pending criminal case. Although Mr. Douban was brought by the Police to Beth Israel Hospital, nothing was found seriously wrong with him there. When he went to the Bayonne Medical Center subsequently, and was x-rayed, it turned out he had a fractured rip and suffered and continues to suffer severe headaches and pain and continues to have difficulty walking.

19. During this period of time after his arrest, the plaintiff was humiliated by having to appear in Court many times surrounded by Court officers at each Court appearance. Mr. Douban has suffered emotionally as a consequence of this arrest, suffered severe depression, anxiety, and loss of sleep and continues to do so. The plaintiff's life will never be the same.

20.     This arrest was made without probable cause on the part of the Police Department, and Officer Gronowski, and was in total violation of Mr. Douban's constitutional and civil rights. The case was totally dismissed and the arrest was a false one.

21.     In addition, Mr. Douban was assaulted and had excessive force inflicted on him causing him serious injury and great pain.

22.     The subsequent prosecution of Mr. Douban was no more than a malicious prosecution on the part of the New York County District Attorney's office, as a result of this false arrest and police assault. The City of New York, the New York City Police Department, and the Officers in this case, specifically Mr. Gronowski, intentionally caused Mr. Douban great mental harm and distress.

23.     Not only was this arrest false, but undue and excessive force was inflicted by Police Officer Gronowski, and members of the New York City Police Department, upon Mr. Douban, who never had anything like this happen to him before.

24.     Further, Mrs. Douban and Mr. Douban's four children have suffered the loss of the companionship and consortium of the plaintiff, Mr. Douban because of what happened to him and Mr. Douban, also, because of what happened to him has suffered the loss of companionship, love and consortium of his wife and four children.

25.     The plaintiff's Mr. Douban's daughter Sara, sat on an exam the date of this incident and when she found out that Mrs. Douban and Mr. Douban were arrested, she had a nervous breakdown and ended up failing the exam. Sara Douban has always been an honor roll student. Further, Mr. Douban's Van was impounded during the arrest and was full of merchandise at that time for the vending cart. This merchandise was emptied out of his Van and was worth over one thousand ($1,000.00) dollars and in addition, the Police took from Mr. Douban his wedding ring and

watch. Mr. Douban's Van was impounded for two months and caused him to lose business. In addition, when Mr. Douban's wife was arrested, the Police removed her religious head scarf by force, and made her walk around without her religious head scarf. In addition, Mr. Douban spent Ten Thousand ($10,000.00) Dollars in legal fees because of this case.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE CITY OF NEW YORK

26. Paragraphs 1-25 are incorporated herein by reference.

27. The City of New York, through The New York City Police Department, has engaged in a pattern of illegal and false arrests, without probable cause, for some time against a large number of individuals. The City of New York, through The New York City Police Department, has had a custom and policy of making illegal and false arrests with excessive force, without probable cause, in violation of those persons civil rights. Those arrests have been dismissed in court.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS and POLICE OFFICER EDWARD GRONOWSKI AND THE CITY OF NEW YORK

28. Paragraphs 1-27 are incorporated herein by reference.

29. Mr. Douban as a result of his arrest, without probable cause, perpetrated by a number of Officers, including Officer, Edward Gronowski was falsely arrested completely without probable cause. The City of New York, because of its custom and policy of tolerating this particular type of false arrest, condoned and participated in the false arrest of the plaintiff, Mr. Douban.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO §1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER EDWARD GRONOWSKI AND THE CITY OF NEW YORK

30. Paragraphs 1-28 are incorporated herein by reference.

31. This arrest of the plaintiff, Mr. Douban by officers of the New York City Police Department and Police Office Gronowski, and the handcuffing of him, constituted excessive force and the tort of assault and battery. In particular, Mr. Douban, as a result of the excessive force used in this arrest, suffered a fractured rib and has suffered continuous pain and inability to walk. Since the arrest was totally without legal foundation and should not have occurred, the City of New York through its custom, policy and toleration of this type of police conduct, participated in, and condoned the excessive force used and inflicted on the plaintiff, Mr. Douban.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER EDWARD GRONOWSKI, THE CITY OF NEW YORK, AND NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE

32. Paragraphs 1-31 are incorporated herein by reference.

33. The named defendants herein, all acting together, and in conspiracy, intentionally caused the plaintiff, Mr. Douban, great mental suffering, including loss of sleep, depression, humiliation, and anxiety. This infliction of mental distress was outrageous and beyond the bound of civilized conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

34. Paragraphs 1-33 are incorporated herein by reference.

35. By reason of the events in this case, and due to the injuries, both physical and emotional that Mr. Douban suffered at the hands of all defendants in this case, Mr. Douban has suffer the loss of companionship, love, and consortium of his wife SANAA and his four children.

36. Mr. Douban's wife and four children, due to the trauma and injuries that Mr. Douban suffered here, both mental and physical, have suffered the loss of his companionship, love and consortium.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE NEW YORK COUNTY DISTRICT ATTORNEYS' OFFICE

37.   Paragraphs 1-36 are incorporated herein by reference.

38.   The prosecution of the plaintiff, Momdaoh Douban and his being forced to appear in Court, was a malicious prosecution without legal basis.

WHEREFORE, plaintiff, Douban, requests that this Court:

(a)   Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000;

(b)   Award punitive damages against the defendants jointly and severally in the amount of $5,000,000;

(c)   Award cost of action, including attorney's fees, to plaintiff;

(d)   Award such other and further relief as this Court may deem appropriate;

A jury trial is demanded.

Dated: Jericho, New York
       May 25, 2012

_____
Andrew J. Schatkin
LAW OFFICES OF ANDREW J. SCHATKIN
Attorney for Plaintiffs
350 Jericho Turnpike
Jericho, New York 11753
(516) 932-8120