UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MOMDOAH DOUBAN,
and SANAA DOUBAN,

     Plaintiffs,     12 CV 4348 (GBD)

  -against-

EDWARD GRONOWSKI,     **AMENDED COMPLAINT**
RODRIGO CABALLERO,
and JANE DOE,

     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

  Plaintiffs Momdoah Douban and Sanaa Douban, by their attorneys, Reibman & Weiner, as and for their Amended Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

  1. At all times hereinafter mentioned plaintiff Momdoah Douban was an adult male and resident of the State of New Jersey.  Mr. Douban is the husband of Sanaa Douban.

  2. At all times hereinafter mentioned plaintiff Sanaa Douban was an adult female and resident of the State of New Jersey. Ms. Douban is the wife of Momdoah Douban.

  3. At all times hereinafter mentioned, defendant Edward Gronowski was a member of the NYPD, assigned shield number 6030, and was employed, retained, trained and supervised by New York City, and is sued herein in his individual and official capacities.

  4.

At all times hereinafter mentioned, defendant Rodrigo Caballero was a member of the NYPD, and was employed, retained, trained and supervised by New York City, and is sued herein in his individual and official capacities.

5. At all times hereinafter mentioned, defendant Jane Doe was an adult female whose exact identity is unknown to plaintiffs but is believed to be the wife of defendant Rodrigo Caballero.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the majority of the events complained of occurred and where the defendant City of New York resides

.                                    **RELEVANT FACTS**

8. At or around 5:00 p.m. on June 5, 2009, plaintiffs were traveling in a motor vehicle on Canal Street in New York County with the intention of driving to New Jersey through the Holland Tunnel.

9. While in the plaintiffs' van in front of or otherwise near the intersection of Canal, Watts, and Hudson Streets, near the entrance to the Holland Tunnel, they encountered defendants Rodrigo Caballero and Jane Doe, who were traveling in another vehicle.

10. Caballero became angry when Momdoah Douban attempted to change lanes. Caballero repeatedly maneuvered his vehicle to prevent the Doubans from changing

lanes and cursed at plaintiffs and insulted their ethnicity.

11. As both cars sat in traffic, Caballero exited his vehicle and, yelling obscenities, approached Mr. Douban's driver side door. Caballero deliberately ripped the driver's side mirror off, flung it into plaintiffs' van, and spit in Mr. Douban's face.

12. Caballero then reached into the van, grabbed Mr. Douban and began pulling him out of the vehicle. The defendants continued to strike plaintiff in the face and body, and continued his assault after the plaintiff was prone on the ground.

13. Sanaa Douban yelled for help and yelled at Caballero to stop beating her husband. In response, the Doe defendant grabbed and assaulted Mrs. Douban.

14. Defendant Gronowski, who was assigned to a traffic detail nearby, responded to the scene.

15. Gronowski knew and understaood that Caballero was a member of the NYPD and that the Doe defendant was Caballero's wife.

16. Gronowski had probable cause to arrest Caballero and the Doe defendant based on the evidence known to him at the time of his arrival on the scene.

17. Gronowski did not have probable cause to arrest either Momdoah or Sanaa Douban at the time of his arrival on the scene.

18. Notwithstanding the above, Gronowski arrested Momdoah Douban and Sanaa Douban and attempted to have them charged them with assault, criminal possession of a weapon, criminal mischief, menacing, and, with respect to Mr. Douban, aggravated unlicensed operation of a vehicle.

19. However, neither Gronowski nor any other NYPD officer arrested or charged Caballero or the Doe defendant, even though Gronowski knew that the defendants had assaulted the plaintiffs.

20. Gronowski then created paperwork to support his arrest of both plaintiffs, as well as the decision not to arrest either Caballero or the Doe defendant. This paperwork contained material misstatements and omissions which created the false perception that plaintiffs had assaulted Caballero and the Doe defendant, when Gronowski knew and understood that the defendants were assaulting the plaintiffs and that plaintiffs had not assaulted the defendants.

21. Gronowski deliberately chose not to arrest Caballero and/or the Doe defendant because he knew Caballero was a member of the NYPD.

22. At no point following the arrest did Gronowski ever take any steps to correct, supplement, or modify his paperwork, or otherwise communicate any corrections or modifications to the New York District Attorney ("NYDA").

23. While defendant Caballero was off-duty at the time the incident began, he presented himself as a police officer and was acting in his capacity as a member of the NYPD when the plaintiffs were arrested.

24. As a member of the NYPD, Caballero was obligated to make truthful and accurate statements concerning the arrest.

25. Caballero and the Doe defendant knew and understood that Gronowski had falsified his records in order to justify his decision to arrest the plaintiffs as

well as his decision not to arrest Caballero or the Doe defendant.

26. Caballero and the Doe defendant also understood that Gronowski was claiming that his decision to arrest plaintiffs was based on allegations made to him by Caballero.

27. Caballero and the Doe defendant further understood that the plaintiffs were arrested and prosecuted based on their false allegations and in order to protect Caballero and the Doe defendant from arrest.

28. Notwithstanding the above, at no time did Caballero or the Doe defendant ever take any steps to correct, supplement, or modify the information provided tothe NYPD or the NYDA.

29. As a direct result of Gronowski's decision to arrest plaintiffs, and his communication to the NYDA of the false and misleading information surrounding this arrest, the NYDA commenced the criminal prosecution of both plaintiffs.

30. The criminal prosecution was commenced because of Gronowski's deliberate conduct and proceeded through the individual and joint actions and deliberate failures to act by Gronowski, Caballero and the Doe defendant.

31. The plaintiffs were held in various cells at different locations under the supervision of the City of New York, before they were arraigned on various charges, including assault and criminal mischief.

32. Both plaintiffs were prosecuted in New York Criminal Court and were compelled to appear multiple times in court or face the issuance of a bench warrant.

33. Both plaintiffs were compelled to retain counsel and spent thousands of dollars on criminal defense counsel.

34. On or about September 12, 2011, all charges against both plaintiffs were dismissed on speedy trial grounds and the criminal prosecutions terminated in plaintiffs' favor.

35. At the time of plaintiffs' arrest, they were traveling a van that contained perishable goods that they used and sold through their food services business.

36. The defendants seized the plaintiffs' van, or caused it to be seized, and as a result, the food that was in the van spoiled, causing plaintiff to lose substantial monies.

37. At all times relevant herein, defendant Gronowski was acting within the scope of his employment with the NYPD and the City of New York, and his actions were done in furtherance of the City of New York's interests and without legal justification or excuse.

38. At all times relevant herein, defendant Caballero was acting within the scope of his employment with the NYPD and the City of New York, and his actions were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

39. Plaintiffs repeat the allegations contained in paragraphs "1" through "38" above as though stated fully herein.

40. Defendant Gronowski willfully and intentionally seized, searched,

arrested and imprisoned both plaintiffs without adequate legal cause and without areasonable basis to believe such cause existed.

41. Defendants Caballero and Doe conspired with Gronowski to, in part, fabricate facts to justify the arrest of the plaintiffs.

42. By so doing, Gronowski subjected both plaintiffs to false arrest and imprisonment, and the wrongful seizure of their property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution

43. By reason thereof, Gronowski has violated 42 U.S.C. §1983 and caused plaintiffs to suffer economic, emotional and physical injuries, mental anguish, the lossof their constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION

44. Plaintiffs repeat the allegations contained in paragraphs "1" through "43" above as though stated fully herein.

45. Defendants Gronowski, Caballero, and/or Doe, willfully and intentionally denied plaintiffs the right to a fair trial when they fabricated evidence by making material misstatements or otherwise permitting a fictionalized version of the incident to be communicated to the NYDA in order to justify both plaintiffs' unlawful arrest, and to persuade the NYDA to commence and continue the criminal prosecution of both plaintiffs.

46. By so doing, Gronowski, Caballero, and Doe denied both plaintiffs their right to a fair trial and thereby violated, conspired to violate, and aided and abetted in

the violation of both plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47. By reason thereof, Gronowski, Caballero, and Doe have violated 42 U.S.C. §1983 and caused plaintiffs to suffer economic, emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## THIRD CAUSE OF ACTION

48. Plaintiffs repeat the allegations contained in paragraphs "1" through "47" above as though stated fully herein.

49. Defendants Gronowski, Caballero, and/or Doe maliciously caused the criminal prosecution of both plaintiffs to be commenced without probable cause to believe that either plaintiff could be successfully prosecuted.

50. By so doing, Gronowski, Caballero, and Doe thereby violated, conspired to violate, and aided and abetted in the violation of both plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

51. By reason thereof, Gronowski, Caballero, and Doe have violated 42 U.S.C. §1983 and caused plaintiffs to suffer economic, emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on causes of action one through three actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988, disbursements, and costs of this action; and

    iii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       April 25, 2013

                      REIBMAN & WEINER
                      Attorneys for Plaintiff

                  By: _____
                      Michael B. Lumer (ML-1947)
                      26 Court Street, Suite 1808
                      Brooklyn, New York 11242
                      (718) 522-1743