UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MOMDOAH DOUBAN
and SANAA DOUBAN,

                           Plaintiff,

         -against--

EDWARD GRONOWSKI,
RODRIGO CABALLERO,
and JANE DOE,

                           Defendants.

**DEFENDANT EDWARD GRONOWSKI'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

12 CV 4348 (GDB)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

       Defendant Edward Gronowski ("P.O. Gronowski"), by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

       1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the amended complaint.

       2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the amended complaint.

       3. Denies the allegations set forth in paragraph "3" of the amended complaint except admits only that P.O. Gronowski was employed by the NYPD on June 5, 2009 and that plaintiff purports to sue P.O. Gronowski as set forth therein.

       4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the amended complaint, except admits only that plaintiff purports to sue Rodrigo Caballero as set forth therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint except admits only that plaintiff purports to sue a defendant Jane Doe as set forth therein.

6. Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that plaintiff purports to lay venue as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the amended complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint except, to the extent "defendants" can be construed to include P.O. Gronowski, denies that he struck and/or assaulted either plaintiff.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Denies the allegations set forth in paragraph "14" of the amended complaint except admits only that P.O. Gronowski did arrive at the location of the incident set forth herein.

15. Denies the allegations set forth in paragraph "15" of the amended complaint except admits that, once P.O. Gronowski arrived at the location of the incident, defendant Rodrigo Caballero identified himself as a member of the NYPD.

16. Denies the allegations set forth in paragraph "16" of the amended complaint.

17. Denies the allegations set forth in paragraph "17" of the amended complaint.

18. Denies the allegations set forth in paragraph "18" of the amended complaint except admits that plaintiffs were lawfully arrested and refer the Court to the criminal amended complaints against each plaintiff for the charges brought against them.

19. Denies the allegations set forth in paragraph "19" of the amended complaint except admits only that neither Rodrigo Caballero nor anyone in his vehicle were arrested.

20. Denies the allegations set forth in paragraph "20" of the amended complaint except admits that P.O. Gronowski prepared paperwork incident to the arrests of plaintiffs.

21. Denies the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the relevance of the allegations set forth in paragraph "22" of the amended complaint and objects to the embedded assertion that P.O. Gronowski had a duty and/or a reason to correct, supplement, or modify his paperwork.

23. Denies the relevance of the allegations set forth in paragraph "23" of the amended complaint as it pertains to P.O. Gronowski and states that the allegation that Caballero "was acting in his capacity as a member of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

24. Denies the relevance of the allegations set forth in paragraph "24" of the amended complaint as it pertains to P.O. Gronowski.

25. Denies the allegations set forth in paragraph "25" of the amended complaint inasmuch as plaintiffs were lawfully arrested and P.O. Gronowski did not falsify his records.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint inasmuch as it avers the mental state of third persons and objects to the assumptions of facts contained therein.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint inasmuch as it avers the mental state of persons other than himself and denies that plaintiffs were arrested for any reason other than that there was probable cause to arrest them.

28. Denies the relevance of the allegations set forth in paragraph "28" of the amended complaint as it pertains to P.O. Gronowski.

29. Denies the allegations set forth in paragraph "29" of the amended complaint, objects to the assumption of facts contained therein, except admits that P.O. Gronowski lawfully arrested plaintiffs and that the "NYDA commenced the criminal prosecution of both plaintiffs."

30. Denies the allegations set forth in paragraph "30" of the amended complaint and objects to the embedded assertion that P.O. Gronowski lacked probable cause to arrest plaintiffs and knowingly prepared false reports and criminal amended complaints as to the plaintiffs.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36. Denies the allegations set forth in paragraph "36" of the amended complaint except states that the van was lawfully seized pursuant to a lawful arrest.

37. States that the allegations set forth in paragraph "37" of the amended complaint are conclusions of law, rather than averments of fact, to which no response is required.

38. Denies the relevance of the allegations set forth in paragraph "38" of the amended complaint as it pertains to P.O. Gronowski and also states that the aforesaid allegations are conclusions of law, rather than averments of fact, to which no response is required.

39. In response to the allegations set forth in paragraph "39" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "38" inclusive of his answer, as is fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the amended complaint.

41. Denies the allegations set forth in paragraph "41" of the amended complaint.

42. Denies the allegations set forth in paragraph "42" of the amended complaint.

43. Denies the allegations set forth in paragraph "43" of the amended complaint.

44. In response to the allegations set forth in paragraph "44" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43" inclusive of his answer, as is fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the amended complaint.

46. Denies the allegations set forth in paragraph "46" of the amended complaint.

47. Denies the allegations set forth in paragraph "47" of the amended complaint.

48. In response to the allegations set forth in paragraph "48" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "47" inclusive of his answer, as is fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the amended complaint.

50. Denies the allegations set forth in paragraph "50" of the amended complaint.

51. Denies the allegations set forth in paragraph "51" of the amended complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

52. The amended complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

53. P.O. Gronowski has not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

54. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, and/or that of third parties, and was not the proximate result of any act of the P.O. Gronwoski.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

55. There was probable cause for plaintiffs' arrest, detention, and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

56. Plaintiffs provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

57. P.O. Gronowski has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

58. At all times relevant to the acts alleged in the amended complaint, defendant P.O. Gronowski acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

59. To the extent any force was used, such force was reasonable, necessary, and justified.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

60. Plaintiff's amended complaint is barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendant Edward Gronowski requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 12, 2013

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>    City of New York
> *Attorney for Defendant Edward Gronowski*
> 100 Church Street
> New York, New York 10007
> (212) 356-2418
>
> By:   /s/
>       RANDALL M. ELFENBEIN
>       Special Assistant Corporation Counsel

TO: <u>BY ECF</u>
Michael B. Lumer, Esq.
Reibman & Weiner
*Attorneys for Plaintiffs*

| |
|---|
| Index No.  12 CV 4348 (GBD) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MOMDOAH DOUBAN<br>and SANAA DOUBAN,<br><br>            Plaintiff,<br><br>       -against--<br><br>EDWARD GRONOWSKI,<br>RODRIGO CABALLERO,<br>and JANE DOE,<br><br>            Defendants. |
| **DEFENDANT EDWARD GRONOWSKI'S ANSWER TO THE AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br><br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant Gronowski*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Randall M. Elfenbein*<br>*Tel:  (212) 356-2418* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ............................................, 2013…...*<br><br>*............................................................................. Esq.*<br><br>*Attorney for...................................................................* |