UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOMDOAH DOUBAN and SANAA DOUBAN,     Docket # 12CV4348(GBD)

         Plaintiffs,

     -against-          **ANSWER**

EDWARD GRONOWSKI, RODRIGO CABALLERO
and JANE DOE,

         Defendants.
-----------------------------------------------------------------X

     Defendant, RODRIGO CABALLERO, by his attorneys, KARASYK & MOSCHELLA,

LLP, as and for an Answer to Plaintiffs' Amended Complaint, respectfully sets forth as follows:

<u>PARTIES, VENUE and JURISDICTION</u>

     1.     Deny knowledge or information sufficient to form a belief as to paragraphs 1, 2

and 5 of the Complaint.

     2.     Deny knowledge or information sufficient to form a belief as to paragraphs 3 and

4, except admit that defendant Caballero was a member of the New York City Police

Department.

     3.     Deny the allegations contained in paragraphs 6 and 7 and respectfully refers all

questions of law and jurisdiction to the Court for future consideration.

<u>RELEVANT FACTS</u>

     4.     Deny knowledge or information sufficient to form a belief as to plaintiffs'

intentions, otherwise admit the allegations contained in paragraph 8 of the Complaint.

     5.     Admit the allegations contained in paragraphs 9, 14 and 37 of the Complaint.

6. Deny the allegations contained in paragraphs 10, 11, 12, 13, 16, 17, 19, 20, 21, 25, 26, 27, 28, 29 and 30 of the Complaint.

7. Admit the allegations contained in paragraph 18 only insofar as that plaintiffs were lawfully arrested for the crimes that they committed against defendant Caballero on the date in question.

8. Deny knowledge or information sufficient to form a belief as to paragraphs 15, 22, 31, 32, 33 and 35 of the Complaint.

9. Admit the allegations contained in paragraphs 23, 24 and 38 of the Complaint, but respectfully refers all questions of law to the Court for future consideration.

10. Deny knowledge or information sufficient to form a belief as to paragraph 34 except deny that the prosecutions were terminated in plaintiffs' favor.

ANSWERING PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

11. Defendant, answering paragraph 39 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

12. Deny any and all allegations contained within the First and Second Causes of Action, but affirmatively state these Causes of Action have been discontinued as against defendants Caballero and Doe.

ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

13. Defendant, answering paragraph 48 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

14. Deny the allegations contained in paragraphs 49, 50 and 51 of the Complaint as against defendant Caballero.

-2-

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The complaint fails to state a claim against defendant RODRIGO CABALLERO upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. If it is found that defendant RODRIGO CABALLERO acted under color of law, then at all relevant times defendant RODRIGO CABALLERO acted lawfully and properly, and within the scope of his authority as a New York City Police Officer employed by the New York City Police Department and the CITY OF NEW YORK.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. If it is found that defendant RODRIGO CABALLERO acted under color of law, then defendant RODRIGO CABELLERO is immune from liability to plaintiffs, as defendant was acting in his official capacity as a New York City Police Officer and acted with the reasonable belief that his actions were lawful and within the scope of his duties as a police officer.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. Defendant RODRIGO CABALLERO has not violated any rights, privileges or immunities secured to plaintiffs by the Constitution or laws of the United States, nor has he violated any Act of Congress providing for the protection of Civil Rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. The conduct of defendant RODRIGO CABALLERO, was at all times reasonable, lawful, proper, within the scope of defendant's authority and discretion, and carried out in conformity with the Constitution and laws of the State of New York and all applicable municipal laws and regulations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.     Any injuries alleged in the complaint were due either in whole or in part to

plaintiffs' own culpable and/or criminal conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.     Probable cause existed for Plaintiffs' arrests and prosecutions.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred, either in whole or in part, by the applicable statute of

limitations.

**WHEREFORE,** defendant, RODRIGO CABALLERO, demands judgment dismissing

the Complaint herein and denying all requested relief and for such other and further relief as

seems just and proper to this Court.

Dated: New York, New York
       November 8, 2013

Respectfully submitted,

KARASYK & MOSCHELLA, LLP

By: _____

JAMES M. MOSCHELLA
Attorneys for Defendant - *Rodrigo Caballero*
233 Broadway, Suite 2340
New York, New York 10279
(212) 233-3800


TO:     Michael Benjamin Lumer, Esq.
        Lumer & Neville
        225 Broadway, Suite 2700
        New York, NY 10007
        *Attorneys for Plaintiffs*

Katherine A. MacFarlane, Assistant Corp. Counsel
New York City Law Department
Office of Corporation Counsel
100 Church Street, Rm. 2-125
New York, NY 10007
*For defendant City of New York*

Randall M. Elfenbein, Assistant Corp. Counsel
New York City Law Department
Office of Corporation Counsel
100 Church Street, Rm. 2-125
New York, NY 10007
*For defendant P.O. Edward Gronowski*

W:\IRODRIG\MOSCHELL\Caballero,Rodrigo\answer2complaint.wpd

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms as true under all penalties of perjury that affiant is a member of the firm of KARASYK & MOSCHELLA, LLP, the attorneys of record for defendant, in the within action; that affiant has read the foregoing **ANSWER** and knows the contents thereof; that the same is true to affiant's own knowledge, except as to matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true. Affiant further says that the reason this affirmation is made by affiant and not by defendant is that defendant does not reside in the County where affiant maintains his office.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: Investigation made by affiant's office and correspondence had with said defendant.

Dated: New York, New York
November 8, 2013

_____
JAMES M. MOSCHELLA

W:\JRODRIG\MOSCHELL\Caballero,Rodrigo\answer2complaint.wpd